# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 19, 2012

Lyle W. Cayce
Clerk

No. 12-50428
Summary Calendar

KINGSLEY DAYO,

Petitioner-Appellant

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL; JANET NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND SECURITY; MICHAEL J. PITTS, Field Office Director for ICE - San Antonio, Texas District; G. GOMEZ, Warden of the South Texas Detention Complex - Pearsall, Texas,

Respondents-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:12-CV-81

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Kingsley Dayo, a native and citizen of Nigeria, moves this court for authorization to proceed in forma pauperis (IFP) in an appeal from the dismissal of his 28 U.S.C. § 2241 petition. Dayo filed the petition to challenge his continued detention, which he argued violated the statutes governing his detention, as well as his substantive and procedural due process rights. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

parties agreed to proceed before the magistrate judge. The magistrate judge determined that, when Dayo filed the § 2241 petition, his initial removal proceeding had been terminated in his favor and that he was in custody due to the commencement of a second removal proceeding. The magistrate judge therefore held that his claims related to the initial removal proceedings were moot and that any claim for relief related to his current detention was premature.

By moving to proceed IFP, Dayo is challenging the magistrate judge's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Dayo, however, does not challenge the magistrate judge's reasons for dismissing his § 2241 petition. His entire brief is devoted to addressing purported due process violations concerning his first removal proceeding, but he fails to address the magistrate judge's conclusion that these claims were moot. Accordingly, he has abandoned any challenge to the magistrate judge's determination that his § 2241 petition should be dismissed. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Dayo has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). His IFP motion is therefore denied, and his appeal is dismissed. *See Baugh*, 117 F.3d at 202 & n.24. His motion to expedite is denied as well.

MOTIONS DENIED; APPEAL DISMISSED.